# UNITED STATES EX REL. McMANUS *v.* FISHER.

---

PUBLIC LANDS; MANDAMUS; BONA FIDE PURCHASER; FRAUDULENT ENTRY.

1. Mandamus will not lie to compel the issuance of a patent to an entryman, where two reports of special agents, one unfavorable and the other favorable, have been made on the entry within the two-year

period, and the Secretary of the Interior has determined, upon consideration of these reports, that a contest was pending against the entry within such two-year period, within the meaning of the act of Congress of March 3, 1891 (26 Stat. at L. 1099, chap. 561, U. S. Comp. Stat. 1901, p. 1521). (Citing *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. McKenzie* v. *Fisher, ante,* 7; and *United States ex rel. Champion Lumber Co.* v. *Fisher, ante,* 158.)

2. An innocent purchaser for value from an entryman stands in no better position than the latter so long as the government has not parted with the legal title to the land.

3. A writ of mandamus will not lie to compel the issuance of a patent to one claiming under an entryman of public land, where the entry has been confessed by the entryman to have been fraudulent. (Following *United States ex rel. Laws* v. *Davenport,* 34 App. D. C. 502).

No. 2436. Submitted October 9, 1912. Decided November 4, 1912.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia overruling his demurrer to an amended answer and refusing his petition for a writ of mandamus to compel the appellee to issue to him a patent for certain land.                                         *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in the supreme court of the District overruling a demurrer to the amended answer of the appellee, the Secretary of the Interior, in a mandamus proceeding, and appellant, Charles B. McManus, electing to stand upon his demurrer, dismissing appellant's petition for mandamus to compel the issuance of a patent to certain land of the United States.

The petition sets forth that on April 11, 1896, one Robert H. Cox made homestead entry at the United States Land Office at New Orleans, Louisiana, to 156.94 acres of public lands, and, on March 21, 1898, made final commutation proof under said entry; that on April 4, 1898, a final commutation receipt was issued to said Cox. Further, that on March 25, 1898, Cox conveyed to one Ulhorn his interest in a part of said entry; that on

December 27, 1898, Ulhorn conveyed to one James L. Bradford, who, on May 4, 1904, conveyed to petitioner 10 acres of said entry.

The petition further sets forth that in April, 1902, one Green filed in said land office at New Orleans his affidavit of contest against said Cox entry, which was duly referred to the Commissioner of the General Land Office, who, on May 26, 1902, refused to allow said contest on the ground that the entry had been confirmed by sec. 7 of the act of March 3, 1891 (26 Stat. at L. 1095, chap. 561, U. S. Comp. Stat. 1901, p. 1535). This decision, it is alleged, was confirmed by the Secretary of the Interior in a decision rendered September 12, 1902.

The petition further avers that upon the expiration of two years from the date of the issuance to Cox of final commutation receipt, namely on April 4, 1900, there then being no contest or protest pending against the validity of said entry, the Interior Department was without jurisdiction or authority over the land embraced in said entry, "save and except to issue a patent therefor to said Robert H. Cox;" that notwithstanding this said Cox, on about the 16th day of February, 1903, in violation of the rights of bona fide transferees, "executed a pretended relinquishment of the land embraced in his said entry to the United States, and subsequently, the Commissioner of the General Land Office, acting upon said pretended relinquishment of said Robert H. Cox and a certain relinquishment of said land by James L. Bradford, and evidently in ignorance of the rights of your petitioner, on the 24th day of April, 1909, rendered a decision canceling said original and final entries of said Robert H. Cox."

The petition further avers that on October 22, 1910, petitioner, being a bona fide purchaser through mesne conveyances of the Cox interest in said 10 acres of the original entry, petitioned the Secretary of the Interior "to issue a patent to said Robert H. Cox on his said homestead entry;" that this petition, on November 30, 1910, was denied, the Secretary in his decision stating "that an adverse report (meaning an adverse report of a special agent of the General Land Office) was made on said entry of Robert H. Cox on July 27, 1899, which was within

the two-year period after the issue of final certificate thereon, which it was claimed would prevent its confirmation under sec. 7, of said act of March 3, 1891." It is further averred "that even if said special agent's report of January 27, 1899, on said homestead entry of Robert H. Cox, was unfavorable to said entry, nevertheless, another special agent of the General Land Office, subsequently to January 27, 1899, and within the two-year period immediately succeeding the issue of final certificate on said entry," made a favorable report on said entry, the effect of which, it is alleged, was to set aside the former unfavorable report. Neither of these reports is contained in the record. After other averments, not necessary to be set forth, the petition closes with a prayer that the Secretary of the Interior be commanded to issue to said Cox a patent for the lands embraced in his said entry, and for general relief.

To this petition the Secretary answered, in effect, that he was clothed with authority to determine the questions involved in said Cox entry, admitted that said entry was made as alleged, and averred "that thereafter the said Cox confessed that his said entry was fraudulent, in that it was made in the interest and for the benefit of one James L. Bradford, in derogation and contravention of the homestead laws and in fraud of the United States; and he thereupon filed his relinquishment of his said homestead entry, and thereafter the said homestead entry was canceled upon the public land records; that thereafter the relator filed with the land department a petition, praying reinstatement and patenting of the Cox entry, whereupon the matter was brought before the predecessor in office of this respondent for examination, consideration, approval, or disapproval in due and regular course of business, and after due hearing, examination, and consideration the said petition of the relator was, by his said predecessor in office, denied; and in denying said petition it was found and held, by the Secretary of the Interior, that a good and sufficient protest had been made and filed in the land department against said Cox entry within two years from the date of issuance of the receiver's receipt upon said entry, and the said protest and proceeding thus initiated continued up to

the time of the cancelation of the entry." To this answer a demurrer was filed, the demurrer was overruled, and the case brought here.

*Mr. Morven Thompson* and *Mr. Harvey M. Friend,* for the appellant.

*Mr. Charles W. Cobb,* Assistant Attorney General, *Mr. F. W. Clements,* First Assistant Attorney, and *Mr. C. Edward Wright,* Assistant Attorney, for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The Secretary has answered that he was clothed with authority to determine the questions before him, relating to said Cox entry; that he did determine them, and, among other things, found that a contest was pending against said entry within said two-year period. This answer is sufficient (*United States ex rel. West* v. *Hitchcock,* 205 U. S. 80, 51 L. ed. 718, 27 Sup. Ct. Rep. 423), unless it appears that his decision was arbitrary or merely ministerial. *Fisher* v. *United States,* 37 App. D. C. 436; *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356; *United States ex rel. McKenzie* v. *Fisher, ante,* 7; *United States ex rel. Champion Lumber Co.* v. *Fisher, ante,* 158. The most that can be said against the Secretary's decision is that according to the petition a predecessor, upon the filing of an affidavit of contest by an individual subsequently to the expiration of said two-year period, declined to allow said contest on the ground that the entry had been confirmed. No patent, however, was issued on the land, and the present Secretary, according to the petition, had before him two reports of special agents, one unfavorable and the other favorable, and each made within the two-year period. Upon consideration of these reports the Secretary ruled that a contest was pending within said two-year period, and declined to issue a patent. It was for the Secretary to decide the effect of these conflicting reports. The

averment that the petitioner was an innocent purchaser for value does not change the situation, since the government had not parted with the legal title to the land. Until then, the purchaser from an entryman stands in no better position than the entryman himself. *Hawley* v. *Diller,* 178 U. S. 476, 44 L. ed. 1157, 20 Sup. Ct. Rep. 986.

Moreover, the judgment may be sustained upon another ground. In the answer it is averred that the entryman, Cox, has confessed that his entry was fraudulent, and that the entry was canceled upon the filing of his relinquishment. These facts are admitted, and not avoided by the demurrer. This court has recognized the rule that the writ of mandamus will not go to carry out a transaction tainted with fraud. *United States ex rel. Laws* v. *Davenport,* 34 App. D. C. 502.

Judgment affirmed, with costs.                    *Affirmed.*

On November 15, 1912, the appellant applied for the allowance of a writ of error from the Supreme Court of the United States.

The application was denied November 18, 1912, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

On consideration of the motion for the allowance of a writ of error to remove the above-entitled cause to the Supreme Court of the United States, it is by the court this day ordered that said motion be, and the same is hereby, denied, on the authority of *United States ex rel. Red River Lumber Co.* v. *Fisher, infra,* 181.